STATE OF VERMONT
WINDHAM COUNTY, SS.

WINDHAM SUPERIOR COURT
DOCKET NO.:

DEC 1 7 2007
1:07-cv-233
DISTRICT COURT
BURLINGTON, VT.

JEFFREY SCOTT,
Plaintiff,

v.

TOWN OF BRATTLEBORO,
STEVEN NICOSIA, JEREMY EVANS,
AND CHRISTOPHER AUSTIN,
Defendants.

# COMPLAINT

NOW COMES Plaintiff, Jeffrey Scott, by and through his attorneys, Costello Wright, and complains against the Defendants as follows:

1. Plaintiff is a resident of Albuquerque, New Mexico. At the time of the incident which is the subject of this action Plaintiff was a resident of the Town of Brattleboro, Windham County, State of Vermont.

2. Defendant Town of Brattleboro ("Defendant Town") is a municipal corporation chartered and existing under the laws of the State of Vermont. The Defendant Town acts through its agents, servants and/or employees, including but not limited to defendants Steven Nicosia, Jeremy Evans, and Christopher Austin, The "individual officers".

3. Officer Steven Nicosia , hereinafter "Nicosia", was, at all times material hereto, a member of the Brattleboro Police Department and was acting within the scope of his actual or apparent authority vested in him by the Town. Plaintiff's claim is asserted against Nicosia in his individual and in his official capacity.

4. Jeremy Evens, hereinafter "Evans", was, at all times material hereto, a member of the Brattleboro Police Department and was acting within the scope

COSTELLO WRIGHT
A PROFESSIONAL
ASSOCIATION OF LAWYERS
51 PUTNEY ROAD
P.O. BOX 483
BRATTLEBORO, VERMONT
05302
802-257-5533
fax: 802-257-4289

Filed
OCT 10 2007
Windham County
Clerks Office
82749

of his actual or apparent authority vested in him by the Town. Plaintiff's claim is asserted against Nicosia in his individual and in his official capacity.

5. Officer Christopher Austin, hereinafter "Austin", was, at all times material hereto, a member of the Brattleboro Police Department and was acting within the scope of his actual or apparent authority vested in him by the Town. Plaintiff's claim is asserted against Nicosia in his individual and in his official capacity.

6. On October 10, 2004, Nicosia observed the Plaintiff executing what he later claimed was an illegal u-turn on Western Avenue in the Town of Brattleboro.

7. Nicosia pulled behind the Plaintiff's vehicle and activated his emergency blue lights. At the time Nicosia activated the lights Plaintiff was already out of his vehicle and beginning to walk into his house.

8. Nicosia ordered the Plaintiff back into the vehicle.

9. Plaintiff advised Nicosia that he was "going home".

10. As Plaintiff walked toward his house, Nicosia ordered him to "stop", and threatened to "spray" the Plaintiff.

11. Plaintiff went inside his house and closed the door behind him.

12. At no time did Plaintiff ever make physical contact with Nicosia or make any threatening gesture towards Nicosia.

13. Nicosia advised other officers via radio contact, that Plaintiff had declined to follow his orders and went inside the house.

14. Within a very short period of time, Evans and Austin arrived at Plaintiff's home.

15. The three officers kicked down the Plaintiff's door and stormed into the house.

COSTELLO WRIGHT
A PROFESSIONAL ASSOCIATION OF LAWYERS
51 PUTNEY ROAD
P.O. BOX 483
BRATTLEBORO, VERMONT
05302
802-257-5533
fax: 802-257-4289

Filed
OCT 10 2007
Windham County
Clerks Office

16. Evans located Plaintiff sitting in his hot tub and called Nicosia to that location to determine if the Plaintiff was the same person who Nicosia had observed earlier.

17. Nicosia positively identified the Plaintiff as the person he had seen earlier.

18. The officers ordered Plaintiff to get out of the hot tub.

19. Plaintiff repeatedly asked the officers why they were in his house and "what is the problem?"

20. The officers accused Plaintiff of "attempting to elude", and asked Plaintiff if he "was going to make [the officers] drag [the Plaintiff] out" of the hot tub.

21. Plaintiff continuously asked the officers why he was being detained or arrested.

22. Officers Austin and Nicosia proceeded to physically pull the Plaintiff out of the hot tub.

23. Plaintiff, wet and naked, fell to the floor, landing on his stomach.

24. The officers began striking the Plaintiff with punches and knee strikes.

25. At that time, as Plaintiff lay wet in a pool of water, Evans deployed his taser into the Plaintiff's body.

26. Plaintiff screamed in pain, and begged the police to stop using the taser.

27. While Plaintiff was on the ground, the officers again began striking the Plaintiff in the back and ribs with fists and knee strikes.

28. As the officers were striking the Plaintiff, Plaintiff curled into a fetal position, temporarily paralyzed from the shock of the taser and the assault.

COSTELLO WRIGHT
A PROFESSIONAL ASSOCIATION OF LAWYERS
51 PUTNEY ROAD
P.O. BOX 483
BRATTLEBORO, VERMONT
05302
802-257-5533
fax: 802-257-4289

Filed
OCT 10 2007
Windham County
Clerks Office

29. Defendant officers demanded that Plaintiff put his hands behind his back.

30. Defendant officers claim that he did not immediately put his hands behind his back, and they again activated the taser, causing another electrical shock to spread throughout the Plaintiff's body.

31. The officers forced Plaintiff to his feet, handcuffed him, and walked him, naked and wet, to a waiting police cruiser.

32. The following day Nicosia authored a false police report in which he alleges that the Plaintiff was suspected of driving under the influence, and falsely accuses the Plaintiff of pushing Nicosia, and being combative, and accused Plaintiff of attempting to elude a police officer.

33. Nicosia forwarded the false report to the Windham County State's Attorney's Office.

34. As a result of the false report, the Windham County State's Attorney charged Plaintiff with Driving Under the Influence, assault on a police officer, resisting arrest, and attempting to elude.

35. As a result of the foregoing, Plaintiff was injured and damaged. He suffered great humiliation, pain and suffering, and was disabled from many of his normal, customary and necessary activities. His reputation was damaged. Plaintiff's injuries are continuing and are permanent.

**COUNT ONE – ASSAULT**

36. Plaintiff incorporates the allegations of paragraphs 1 through 35 as though fully set forth herein.

37. The acts of the Defendants amounted to an assault on Plaintiff.

COSTELLO WRIGHT
A PROFESSIONAL ASSOCIATION OF LAWYERS
51 PUTNEY ROAD
P.O. BOX 483
BRATTLEBORO, VERMONT
05302
802-257-5533
fax: 802-257-4289

Filed
OCT 1 0 2007
Windham County

38. As a result of the same, Plaintiff was injured and damaged as set forth in paragraph 35.

**COUNT TWO – BATTERY**

39. Plaintiff incorporates the allegations of paragraphs 1 through 38 as though fully set forth herein.

40. The acts of the Defendants amounted to a battery on the body of Plaintiff.

41. As a result of the same, Plaintiff was injured and damaged as set forth in paragraph 35.

**COUNT THREE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

42. Plaintiff incorporates the allegations of paragraphs 1 through 41 as though fully set forth herein.

43. The acts of the Defendants constitute negligent infliction of emotional distress.

44. As a result of the same, Plaintiff was injured and damages as set forth in paragraph 35.

**COUNT FOUR – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

45. Plaintiff incorporates the allegations of paragraphs 1 through 44 as though fully set forth herein.

46. The acts of the Defendants constitute an intentional infliction of emotional distress upon the Plaintiff.

47. As a result of the same, Plaintiff was injured and damages as set forth in paragraph 35.

COSTELLO WRIGHT
A PROFESSIONAL ASSOCIATION OF LAWYERS
51 PUTNEY ROAD
P.O. BOX 483
BRATTLEBORO, VERMONT 05302
802-257-5533
fax: 802-257-4289

Filed
OCT 10 2007
Windham County
Clerks Office

**COUNT FIVE – UNCONSTITUATIONAL POLICY AND PRACTICE**

48. Plaintiff incorporates the allegations in paragraphs 1 through 47 as though fully set forth herein.

49. It was a policy or practice of the Defendant Town, acting through its agents, apparent agents, servants and employees to improperly and inadequately train and instruct the members of its police department in the proper use of the taser device, including the proper exercise of self restraint on the use of the taser device against civilians.

50. It was a policy or practice of the Defendant Town, acting through it's agents, apparent agents, servants and employees to improperly and inadequately supervise and discipline the members of its police departments, including the Defendant Officers, in the execution of their duties, including the proper manner of dealing with civilians during and after a traffic stop and in the proper exercise of self restraint on the use of the taser device against civilians.

51. The Defendant Town it's agents, apparent agents, servants and employees, had knowledge, or had they diligently exercised their duties to instruct, train, supervise, control and discipline on a continuous basis, should have had the knowledge that the wrongs which were done, as hereto alleged, were being committed. The Defendant Town had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and failed or refused to do so.

52. The conduct, policies, practices and customs of the Defendant Town, action through it's agents, apparent agents, servants and employees as set forth above are illegal, improper and unconstitutional as an excessive use of deadly force and a denial of the due process of law and in contravention of the Fourth and Fourteenth

COSTELLO WRIGHT
A PROFESSIONAL ASSOCIATION OF LAWYERS
51 PUTNEY ROAD
P.O. BOX 483
BRATTLEBORO, VERMONT 05302
802-257-5533
fax: 802-257-4289



Filed
OCT 10 2007
Windham County

Amendments to the Constitution of the United States and 42 U.S.C. 1983 and in contravention of Ch. 1, Article 11 of the Vermont Constitution.

53. As a result of the same, Plaintiff was injured and damaged as set forth in paragraph 35.

**COUNT SIX – NEGLIGENT USE OF TASER DEVICE**

54. Plaintiff incorporates the allegations in paragraphs 1 through 53 as though fully set forth herein.

55. The individual officers had a duty to use of taser device in a reasonable and prudent manner

56. The individual officers breached that duty

57. As a result of the breach by the individual officers, Plaintiff was damaged as set forth in Paragraph 35.

**COUNT SEVEN – NEGLIGENT TRAINING AND SUPERVISION**

**- VICARIOUS LIABILITY**

58. Plaintiff incorporates the allegations in paragraphs 1 through 57 as though fully set forth herein.

59. The Defendant Town its agents, apparent agents, servants and employees had a duty to train and supervise the Defendant officers.

60. In addition to the individual liability of the Defendant officers and the liability of the Defendant Town for negligent training and supervision, the Defendant Town is vicariously liable for the acts of the Defendant officers.

61. As a result of Defendant Town's breach, Plaintiff was damaged as set forth in Paragraph 35.

Filed

OCT 10 2007

Windham County
Clerks Office

COSTELLO WRIGHT
A PROFESSIONAL ASSOCIATION OF LAWYERS
51 PUTNEY ROAD
P.O. BOX 483
BRATTLEBORO, VERMONT
05302
802-257-5533
fax: 802-257-4289

## COUNT EIGHT - PUNITIVE DAMAGES

62. Plaintiff in corporate the allegations contained in Paragraphs 1 through 61 as though fully set forth herein.

63. The acts and omissions of the Defendant's were wanton, willful, and outrageous and they constitute actual malice.

64. As a result, Plaintiff was injured and damaged as set forth in paragraph 35.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, such for compensatory damages for Plaintiff's injuries and damages, punitive damages to punish Defendant's for their malicious conduct and reduce the likelihood of its occurring in the future, attorney's fees, interest, costs, and all other relief as this Court deems appropriate and just.

## REQUEST FOR JURY TRIAL

Plaintiff demands a trial by jury on his Complaint.

Dated at Brattleboro, County of Windham and State of Vermont this 10th day of October 2007.

JEFFREY SCOTT
Plaintiff

COSTELLO WRIGHT
Attorneys for the Plaintiff

By: [signature]
Steven B. Wright

Filed

OCT 10 2007

Windham County
Clerks Office

COSTELLO WRIGHT
A PROFESSIONAL
ASSOCIATION OF LAWYERS

51 PUTNEY ROAD
P.O. BOX 483
BRATTLEBORO, VERMONT
05302

802-257-5533
fax: 802-257-4289